IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                     ) | Criminal No. 08-122 |
| ) | <u>See</u> Civil Action No. 10-326 |
| DEREK RAMOND ST. CLAIR, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 30th day of March, 2010, upon consideration of Petitioner's <u>pro se</u> "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 42), filed in the above captioned matter on March 11, 2010, and upon further consideration of Petitioner's <u>pro se</u> "Petition to Show Cause" (document No. 45), filed in the above captioned matter on March 25, 2010,

IT IS HEREBY ORDERED that said Motion to Vacate is DISMISSED.

Further, upon consideration of Petitioner's <u>pro se</u> "Motion for Appointment of Counsel" (document No. 43), filed in the above captioned matter on March 11, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED as moot.

On May 22, 2008, Petitioner pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Court sentenced him to 46 months'

1

imprisonment and 3 years' supervised release on August 14, 2008. Judgment was entered on that same date,[1] and no appeal was filed in this case. Even assuming that the proper filing date of the present Motion to Vacate is the date on which Petitioner signed the motion, the motion was not filed until January 22, 2010.[2] On March 12, 2010, this Court ordered Petitioner to show cause why his Motion to Vacate should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). On March 25, 2010, Petitioner responded, stating that he was informed on September 3, 2009,[3] that he was ineligible for certain programs while incarcerated by the Commonwealth of Pennsylvania because of the federal detainer against him. Petitioner claims that it was at that time that he realized that the judgment in his case did not indicate that his sentence had been imposed to run concurrently with his state sentence pursuant to USSG § 5G1.3, contrary to his understanding of the nature of the sentence this Court had imposed.

---

[1] The Court notes that the Final Order of Forfeiture in this case was not entered until October 13, 2009, but Petitioner's claims do not relate to this forfeiture. As such, it is August 14 that is the relevant date here. See United States v. Pompei, 2002 WL 32351162 (E.D. Pa. May 13, 2002) (dismissing Section 2255 petition as untimely that was filed within one year of the final order of forfeiture but not within one year of judgment being entered).

[2] Petitioner's Motion to Vacate was originally filed with the District Court for the Eastern District of Pennsylvania, the district within which Petitioner is incarcerated, but was transferred to this Court based on the nature of the relief sought in the motion.

[3] Although Petitioner claims not to have been aware of this fact until September 3, 2010, he was clearly referring to September 3, 2009.

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). Although a prisoner previously was able to file a Section 2255 motion at any time, Petitioner's Section 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"). The AEDPA has imposed stringent requirements for seeking and obtaining collateral relief. Specifically, the AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

>     retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted, final judgment was entered on August 14, 2008, and Petitioner did not appeal his conviction or sentence.[4] The present motion was filed well-after one year later, so subsection (1) does not apply. There is no indication in the record that subsections (2) or (3) are applicable. As to subsection (4), the fact of which Petitioner claimed to have been unaware until September 3, 2009, i.e., the nature of his federal sentence, could have been discovered through the exercise of due diligence on August 14, 2008.[5] Indeed, Petitioner was present for his sentencing and therefore was aware of the sentence imposed on that date. As such, Petitioner cannot satisfy any of the criteria under Section 2255(f) and his motion is therefore untimely.

---

[4] Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days from August 14, 2008, in which to file a notice of appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

[5] In any event, the Court notes that, contrary to Petitioner's contention, the sentence imposed by this Court was not imposed to run concurrently with any other sentence because, at the time of sentencing, there is no record that Petitioner was serving any other sentence. No mention was made of his sentence being concurrent or of USSG § 5G1.3.

4

Further, although the Third Circuit has held that the one-year limitations period for filing Section 2255 petitions is a statute of limitations, and therefore is subject to equitable tolling, see Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), federal courts invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). Equitable tolling is only appropriate when the petitioner has been prevented from asserting his rights "in some extraordinary way." Miller, 145 F.3d at 618 (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994)). Moreover, the petitioner must show that he exercised "reasonable diligence" in investigating and bringing his claims. Id. at 619 (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)). Mere excusable neglect is not sufficient to toll the statute of limitations. Id.

Petitioner offers no evidence of reasonable diligence in investigating and filing his claims. The issues raised in his motion could have been raised at any time after sentencing. Moreover, as mentioned above, Petitioner is wrong about the nature of his sentence in any event. In sum, Petitioner's contentions do not present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations.

Accordingly, Petitioner's Motion to Vacate is dismissed as untimely. Moreover, because Petitioner's motion is untimely, this

Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Likewise, there is no need to appoint counsel, since Petitioner now has no claims pending before this Court.

                                              <u>s/Alan N. Bloch</u>
                                              United States District Judge

ecf:       Counsel of record

cc:        Derek Ramond St. Clair
            #HV9674
            Box 244
            Graterford, PA 19426